UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY CARL ECCARIUS,<br><br>Petitioner,<br><br>v.<br><br>MENDOCINO COUNTY SOCIAL SERVICES, et al.<br><br>Respondents. | Case No. 22-cv-05417-HSG<br><br>**ORDER OF DISMISSAL; DENYING CERTIFICATE OF APPEALABILITY** |

Petitioner Anthony Carl Eccarius has filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner has paid the filing fee. Dkt. No. 1. For the reasons set forth below, this petition for a writ of habeas corpus is DISMISSED and a certificate of appealability is DENIED.

**DISCUSSION**

**I.     Petition**

The petition names as respondents Mendocino County Social Services, the National Labor Relations Board, the California Department of Fair Employment and Housing, and the Equal Employment Opportunity Commission. Dkt. No. 1 at 1, 6-7. Petitioner alleges that Respondents violated original jurisdiction, 42 U.S.C. § 1983, and the Americans with Disabilities Act of 1990; discriminated against him with respect to CFRA/FMLA-protected leave; and retaliated against him. Dkt. No. 1 at 2. The petition alleges the following legal claims: (1) Respondents lacked "original jurisdiction in deciding [Petitioner's] 10th Amendment U.S. Constitutional appeal for releif (sic) and application of his rights;" (2) Respondents "obstructed Petitioner's due process and path to justice" by conducting investigations and reviews with bias and in poor faith; (3) Respondents "obstructed [Petitioner's] status and claim of having a mental disability, did not

offer adequate accommodation for said disability upon request, and retaliated against [Plaintiff] for his grievance, complaints, and appeals;" and (4) Respondents lack "necessary and sufficient authority to decide the merits of [Plaintiff's] Weingarten claim and appeal given that [Petitioner's] 10th Amendment U.S. Constitution appeal is unprecedented in nature and warrants Court review." Dkt. No. 1 at 6-7. Petitioner requests the following relief:

> [Petitioner] requests this Court "consider a higher jurisdiction and authority to sufficiently and accurately address his greivance (sic), complaints, concerns, and appeal such that original jurisdiction exists wherein named parties are not acting with inherant (sic) prejudice and bias toward [Petitioner's] appeal and enumerated rights. [Petitioner] also requests this Court exercise its authority to grant him compensation for lost wages and lasting harm caused when his rights were mishandled. Lastly, [Petitioner] requests Demand for Jury Trial.

Dkt. No. 1 at 7.

## II. Standard of Review

28 U.S.C. § 2241(c)(3) provides that a federal district court may entertain a petition for a writ of habeas corpus from a petitioner who is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c). A district court considering an application for writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

## III. Dismissal

This petition is DISMISSED for lack of federal habeas jurisdiction because Petitioner is not in custody. The federal writ of habeas corpus is only available to persons "in custody" at the time the petition is filed. *See* 28 U.S.C. §§ 2241(c); *see also Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) ("The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are "*in custody* in violation of the Constitution or laws or treaties of the United States.") (citing to 28 U.S.C. § 2241(c)(3), emphasis in original). The custody requirement is jurisdictional. *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). Petitioner is not in the custody of the United States (or the state of California). This petition is therefore DISMISSED for lack of jurisdiction.

It appears that Petitioner may be seeking to bring a civil rights complaint pursuant to 42

U.S.C. § 1983.  Dkt. No. 1 at 2.  The Clerk is directed to send Petitioner two copies of the Court's civil rights complaint form.

**CERTIFICATE OF APPEALABILITY**

The Court concludes that no "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right [or] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Accordingly, a certificate of appealability is DENIED.

**CONCLUSION**

For the reasons set forth above, the petition for writ of habeas corpus is DISMISSED for lack of federal habeas jurisdiction and a certificate of appealability is DENIED.  The Clerk is directed to send Petitioner two copies of the Court's civil rights complaint form.

**IT IS SO ORDERED.**

Dated:   10/13/2022

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge