UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY CARL ECCARIUS,<br><br>    Plaintiff,<br><br>v.<br><br>MENDOCINO COUNTY SOCIAL SERVICES,<br><br>    Defendant. | Case No. 22-cv-05417-HSG<br><br>**ORDER DENYING DKT. NO. 13** |

Petitioner Anthony Carl Eccarius filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This case was closed on October 13, 2022. Now pending before the Court is a pleading titled "Motion to Remand N.D. CA. 22-cv-05417, Motion for Leave to Appeal N.D. CA. 22-cv-05417, Motion to Disqualify Judge Haywood S. Gilliam." Dkt. No. 13. For the reasons set forth below, the Court DENIES Dkt. No. 13.

**DISCUSSION**

**I.      Procedural History**

The petition named as respondents Mendocino County Social Services, the National Labor Relations Board, the California Department of Fair Employment and Housing, and the Equal Employment Opportunity Commission, and alleged that Respondents had violated original jurisdiction, 42 U.S.C. § 1983, and the Americans with Disabilities Act of 1990; discriminated against Petitioner with respect to CFRA/FMLA-protected leave; and retaliated against Petitioner. Dkt. No. 1 at 2. On October 13, 2022, the Court dismissed the petition for lack of federal habeas jurisdiction because Petitioner is not in custody, and entered judgment against Petitioner and in favor of Respondent. Dkt. Nos. 6, 7.

On January 2, 2023, Petitioner appealed the Court's dismissal by filing a notice of appeal.

1    Dkt. No. 8.  On January 3, 2023, Petitioner again filed the notice of appeal that he had filed the
2    prior day.  Dkt. No. 9.  On January 25, 2023, the Ninth Circuit dismissed the appeal for lack of
3    jurisdiction because Petitioner had failed to file the notice of appeal within 30 days after judgment
4    was entered.  Dkt. No. 11.
5    　　　　On March 15, 2023, Petitioner filed the pleading docketed at Dkt. No. 13, which he titled
6    "Motion to Remand N.D. CA. 22-cv-05417, Motion for Leave to Appeal N.D. CA. 22-cv-05417,
7    Motion to Disqualify Judge Haywood S. Gilliam."  Dkt. No. 13.
8    　　　　On April 28, 2023, Petitioner filed a petition for a writ of certiorari with the United States
9    Supreme Court.  Dkt. No. 14.  On October 4, 2023, the United States Supreme Court denied
10   Petitioner's motion for leave to proceed *in forma pauperis* and ordered him to pay the docketing
11   fee by October 23, 2023.  Dkt. No. 15.  On December 27, 2023, the United States Supreme Court
12   closed the action for failure to pay the docketing fee.  Dkt. No. 16.

## II. Dkt. No. 13

In filing Dkt. No. 13, Petitioner titled the pleading "Motion to Remand N.D. CA. 22-cv-05417, Motion for Leave to Appeal N.D. CA. 22-cv-05417, Motion to Disqualify Judge Haywood S. Gilliam."  However, Dkt. No. 13 does not appear to seek relief from this Court, and instead appears to request that the United States Supreme Court take jurisdiction over this case. Specifically, Dkt. No. 13 consists of three pages.  The first page is a letter addressed to "Your Honor(s)" and states in its entirety:

> As per 28 U.S.C. 1254, I *Pro Se* Petitioner, Anthony Carl Eccarius, with all respect request remand of the totality of the entire record to be sent up for decision of the entire matter in controversy today without further delay.  Neither the United States District nor the United States Court of Appeals have necessary and sufficient jurisdiction per 28 U.S.C. 1254, as posited on 29 December 2022 by Supreme Court Clerk Scott S. Harris, and enclosed here for reference and Court record.  Thank you."

Dkt. No. 13 at 1.  The second page is a copy of a December 29, 2022 cover letter addressed to Petitioner from the Clerk of the United States Supreme Court, and stating that the United States Supreme Court was returning to Petitioner the petition for a writ of certiorari that was postmarked December 21, 2022 and received December 27, 2022.  The letter informed Petitioner that the United States Supreme Court lacked jurisdiction to review the judgment of the United States District Court for the Northern District of California, and that Petitioner must first appeal his case

to the Ninth Circuit before filing a petition for a writ of certiorari.  Dkt. No. 13 at 2.  The third page is a copy of the proof of service for the petition for a writ of certiorari that Petitioner filed with the United States Supreme Court in December 2022 and that is referenced in the December 29, 2022 letter on page 2 of Dkt. No. 13.  Dkt. No. 13 at 3.

The Court DENIES Dkt. No. 13 because it cannot grant the relief sought in the body of the pleading, namely that the United States Supreme Court take jurisdiction over the action.  To the extent that Petitioner is seeking the relief sought in the title of his electronic filing, those requests are also denied.  The Court DENIES the request to remand the case "up" to the United States Supreme Court because the Court cannot order the United States Supreme Court to consider a case.  The Court DENIES the request for leave to appeal as moot.  Petitioner has appealed the dismissal of this case and the related judgment.  Dkt. Nos. 8, 9.  The Court DENIES the request to disqualify the undersigned.  This case is closed and it is unlikely that the undersigned will be asked to rule on any substantive motions in the case.  In addition, Petitioner has not articulated any reason that recusal would be appropriate.

## CONCLUSION

For the reasons set forth above, the Court DENIES Dkt. No. 13.  This case remains closed.  This order terminates Dkt. No. 13.

**IT IS SO ORDERED.**

Dated: 1/12/2024

HAYWOOD S. GILLIAM, JR.
United States District Judge

3